IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BURTON ) | |
| PAULA BURTON ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 05-2121 (RMU) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' OPPOSITION TO PLAINTIFFS' "EMERGENCY APPLICATION FOR PRELIMINARY INJUNCTION NOTWITHSTANDING ANTI-INJUNCTION ACT"

Plaintiffs seek an injunction preventing the Internal Revenue Service (IRS) from collecting their tax liability.[1] Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiffs' suit. Thus, the act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See, Foodservice & Lodging Institute, Inc. V. Reagan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIA v. United States, 660 F.Supp. 12, 13 (D.D.C. 1987).

---

[1] Plaintiffs filed their motion on December 2, 2005. Since the United States' answer to their complaint is due on January 30, 2006, the United States had not yet entered an appearance in this case, and therefore did not get notice of plaintiffs' motion.

1523971.1

Notwithstanding that, the Supreme Court has recognized a narrow, judicial exception to section 7421. This exception is inapplicable to the present case. In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court concluded that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail and (2) equity jurisdiction otherwise existed. See <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970); <u>Vuin v. Burton</u>, 327 F.2d 967, 969 (6th Cir. 1964).

Plaintiffs cannot demonstrate that under the circumstances they present the government could never prevail. Plaintiffs' motion is notable for being completely devoid of any specific factual allegations. They do not identify any of the tax years at issue, the amounts or dates of alleged "wrongful" collection, specifics as to the alleged "harassment" by the IRS, or any other facts other than expressing dissatisfaction that the IRS is attempting to collect their unpaid taxes.

As for the second prong, plaintiffs have failed to demonstrate the existence of equitable jurisdiction. Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies. See, <u>Foodservice & Lodging Institute</u>, 809 F.2d at 844-

845; Flynn, 766 F.2d at 589. Plaintiffs can temporarily forestall collection by requesting a "collection due process hearing" with the IRS, if appropriate. See 26 U.S.C. § 6330. Further, plaintiffs can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiffs have not established the extraordinary circumstances that may justify the issuance of an injunction pursuant to the judicial exception. The Court should deny plaintiffs' motion.

DATED:   January 30, 2006.

                                            Respectfully submitted,

                                            /s/ Pat S. Genis  
                                            PAT S. GENIS #446244  
                                            Trial Attorney, Tax Division  
                                            United States Department of Justice  
                                            Post Office Box 227  
                                            Washington, DC 20044  
                                            Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN  
United States Attorney  
555 4th Street, NW  
Washington, DC 20001  
Telephone: (202) 514-7566

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing Opposition to Plaintiffs' "Emergency Application for Preliminary Injunction Notwithstanding Anti-Injunction Act" was made on January 30, 2006, by mailing, postage prepaid, addressed to:

>John Burton
>Paula Burton
>220 Green Leaf Drive
>Eagle Point, OR 97524

    /s/ Pat S. Genis
PAT S. GENIS, #446244