IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BURTON ) | |
| PAULA BURTON ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 05-2121 (RMU) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that, beginning with tax year 1998, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.

**STATEMENT**

Plaintiffs, John Burton and Paula Burton, filed this complaint on October 31, 2005. The complaint alleges that "in connection with the collection of Federal tax beginning with 'tax year' 1998", the IRS "disregarded and continue [sic] to disregard provisions" of the Internal Revenue Code. (Compl. ¶1.) On December 14, 2005, plaintiffs filed returns of service showing that John Burton himself served the United

1523745.1

States Attorney General and the United States Attorney for the District of Columbia by certified mail.1/

The relief plaintiffs request in their complaint is a refund of federal taxes they allege were illegally or erroneously collected (Compl. ¶ 33), an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. ¶ 34), and unspecified damages for alleged violations of 26 U.S.C. § 7433 (Comp. ¶ 31).  To the extent plaintiffs seek a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds . . . ."  (Compl. ¶ 32), and an order "enjoining the Internal Revenue Service . . . from engaging in any further collection activity . . . ." (Compl. ¶ 33), this Court cannot grant the requested relief.

<u>Plaintiffs Failed To Properly Serve the United States</u>

This case must be dismissed because plaintiffs have not effected proper service on the United States.  Under Fed.R.Civ.P. 4(c)(2), service of a summons and complaint "may be effected by *any person who is not a party*."  Id. (emphasis added).  Under Fed.R.Civ.P. 4(i), the United States must be served by:  (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by

---

1/ Plaintiffs' returns of service are reflected on the docket sheet in this case.  A copy of the returns is attached to this motion for the Court's convenience.

sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, DC; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed.R.Civ.P. 4(i); <u>Relf v. Gasch</u>, 511 F.2d 804 (D.C. Cir. 1975); <u>Hodge v. Rostker</u>, 501 F.Supp. 332, 332 (D.D.C. 1980).

      Failure to properly serve the United States, its agencies and employees, deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  <u>Rabiolo v. Weinstein</u>, 357 F. 2d 167, 168 (7th Cir. 1966); see also <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  <u>Bland v. Britt</u>, 271 F. 2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  See <u>Light v. Wolf</u>, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  See <u>Myers v. American Dental Ass'n</u>, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); <u>Familia De Boom v. Arosa Mercantil, S.A.</u>, 629 F. 2d 1134, 1139 (5th Cir. 1980).

      In this case, plaintiff John Burton signed the returns of service indicating that he, himself, served the summons on the United States Attorney General and the United States Attorney for the District of Columbia by certified mail.  Plaintiff John Burton is, of

course, a party to this action, and thus cannot properly serve the summons. Accordingly, plaintiffs have failed to properly serve the United States, and this complaint must be dismissed.

### This Court Lacks Subject-Matter Jurisdiction.

This Court does not have jurisdiction over plaintiffs' claim for a tax refund. Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiffs have the burden to show that sovereign immunity has been waived. See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).

Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiffs have not even alleged that they filed a claim for refund, this Court lacks jurisdiction. Dalm, 494 U.S. at 601-602.

Likewise, plaintiffs have not alleged that they have fully paid their tax liabilities. On the contrary, they seek an injunction to prevent the Internal Revenue Service from collecting the taxes due. (See Compl. § 33.) This request, in itself, implies that plaintiffs have not fully paid the taxes they seeks to recover — an implication fatal to a suit for refund. See Flora, 362 U.S. at 177. In fact, plaintiffs have outstanding unpaid tax assessments for years 1998 and 1999 as follows:

| Year | Outstanding Balance Due |
|------|-------------------------|
| 1998 | $ 89,204.05 |
| 1999 | 90,518.31 |
|      | $179,722.36 |

(See attached Genis Decl. and exhibits 1-4.)2/

Because plaintiffs have not alleged that they filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claim for a refund.

---

2/   In deciding a Rule 12(b)(1) motion, the Court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in order to determine whether the Court has jurisdiction in the case. See Nemariam v. Fed. Dem. Repl. of Ethiopia, __ F.Supp.2d __, 2005WL2979652, *3 (D.D.C. 2005), citing EEOC v. St. Francis Xavier parochial Sch., 117 F.3d 621, 624-625 n.3 (D.C. Cir. 1997).

<u>Venue Is Improper</u>.

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiff resides.  Inasmuch as plaintiffs are residents of Oregon (Compl. at 1), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The interests of justice do not require transferring this case, and in fact weigh against it.  Plaintiffs' complaint alleges no facts to warrant transfer.  As explained above, plaintiffs' failure to allege that they filed a proper claim for refund or fully paid the taxes due deprives <u>any</u> federal court of subject-matter jurisdiction.  <u>See</u> <u>Dalm</u>, 494 U.S. at 601-602; <u>Flora</u>, 362 U.S. at 177.  Further, the complaint alleges inadequate facts to support a claim for damages under 26 U.S.C. § 7433, and no court has authority to grant plaintiffs the injunctive relief they seek.  Thus, because venue is lacking in this Court, and the interests of justice do not favor transfer to Oregon, the Court should dismiss this case.  <u>See</u> Fed. R. Civ. P. 12(b)(3).

<u>Plaintiffs' Request for Injunction Is Barred by the Anti-injunction Act</u>.

Plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further collection activities.  (Compl. ¶ 33.)  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise

jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiffs' claim.  See 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F.Supp. 12, 13, (D.D.C. 1987).

      Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

      Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiffs allege that the Internal Revenue Service acted improperly with respect to their "federal tax beginning with 'tax year' 1998" (Compl. ¶ 1), but do not identify the specific tax years at issue, the type of tax, amounts or dates of

alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and thei entitlement to relief. Primarily they merely express their dissatisfaction that the Internal Revenue Service is attempting to collect their unpaid taxes.3/

As for the second prong, plaintiffs have failed to demonstrate the existence of equitable jurisdiction. Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies. See, Foodservice & Lodging Institute, 809 F.2d at 844-845; Flynn, 766 F.2d at 598. Where appropriate, a taxpayer may temporarily forestall collection by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, here, plaintiffs can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

---

3/    As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. See Flora, 362 U.S. at 177.

<u>Plaintiffs Have Failed to State a Claim</u>.

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶ 31).  Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder.  26 U.S.C. § 7433.

Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  But, here, there are no facts in the plaintiffs' complaint to support a claim for damages[4], and thus, this Court should conclude that they have not in fact stated such a claim.  For example, plaintiffs do not state what specific tax years are at issue, the type of tax, or the amount in dispute.  In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]."  26

---

[4]  Indeed, the only argument presented by plaintiffs — that the Internal Revenue Service must use form 23C to record assessments — has been rejected.  Courts recognize that the Service is using computerized RACS Reports-006 as an equivalent to the manually-prepared Form 23C.  See <u>Roberts v. Comm'r</u>, 118 T.C. 365, 370-71 (2002) (citing <u>Kruger v. United States</u>, 2001 WL 1179412 (D. Nev. 2001); <u>see</u> <u>also</u> <u>Kruger v. Internal Revenue Service</u>, 1999 WL 907539 (D. Nev. 1999).

U.S.C. § 7433. Because plaintiffs have failed to state a claim upon which relief can be granted, this Court should dismiss this case.

## CONCLUSION

Plaintiffs have failed to properly effect service on the United States by a person who is not a party; this Court does not have subject-matter jurisdiction over plaintiffs' claims for a tax refund because plaintiffs have failed to prove that they filed a claim for refund and paid the taxes due; the Anti-Injunction Act prohibits an injunction against the further collection of plaintiffs' taxes; venue is not proper in this Court for a tax refund because plaintiffs reside in Oregon; and finally, plaintiffs have failed to state a claim. For all these reasons, the Court should dismiss this action.

DATED:         January 30, 2006.

                                      Respectfully submitted,

                                      /s/ Pat S. Genis
                                      PAT S. GENIS #446244
                                      Trial Attorney, Tax Division
                                      United States Department of Justice
                                      Post Office Box 227
                                      Washington, DC 20044
                                      Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney
555 4th Street, NW
Washington, DC 20001
Telephone: (202) 514-7566

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BURTON  ) | |
| PAULA BURTON  ) | |
|  ) | |
| Plaintiffs,  ) | |
|  ) | |
| v.  ) | Civil No. 05-2121 (RMU) |
|  ) | |
| UNITED STATES,  ) | |
|  ) | |
| Defendant.  ) | |

## ORDER

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED; and it is further

ORDERED that this action be, and is, DISMISSED; and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this ____ day of _____ 2006.

_____
UNITED STATES DISTRICT JUDGE

1523745.1

Copies to:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

John Burton
Paula Burton
220 Green Leaf Drive
Eagle Point, OR 97524

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN BURTON | ) | |
| PAULA BURTON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 05-2121 (RMU) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

IT IS CERTIFIED that the UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM and proposed ORDER were served upon the following person on January 30, 2006, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>John Burton
>Paula Burton
>220 Green Leaf Drive
>Eagle Point, OR 97524

>        /s/ Pat S. Genis
>     PAT S. GENIS, #446244

1523745.1