**RECEIVED**

John Burton
Paula Burton
220 Green Leaf Dr.
Eagle Point, OR 97524
541-826-1028

MAR 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
IN THE DISTRICT OF COLUMBIA

John Burton,
Paula Burton

Case No. 1:05-cv-2121(RMU)

Plaintiff(s),

v.

United States

Defendant.

### RESPONSE TO UNITED STATES' OPPOSITION TO MOTION TO STRIKE

### 58 CASES

Defendant has filed a frivolous and unwarranted pleading entitled United States' Opposition to Motion to Strike. Defendants' pleading is frivolous and fails to set forth any cognizable claim.

Counsel complains to the court that the reason for the failure is because plaintiff's complaint is one of 58 nearly identical complaints filed in this court. In addition, substantially identically motions to amend, motions for sanctions and bar referrals have been filed in several of the related cases, indicating an orchestrated and coordinated effort on behalf of these *"pro se"* plaintiffs. Counsel further alleges that "We believe that this deluge was responsible for the United States' miscalculation of dates in this matter.

This Court will take judicial notice of the record in this matter. Pursuant to Docket

1/27/2006

#3 counsel was notice that an answer was required by A-. Counsel has represented herself/himself as an accomplished knowledgeable attorney that is knowledgeable in the rules of this court. All parties including counsel are expected to know and abide by the rules. In this matter counsel is asking the court to grant an exception because of an alleged high volume of cases.

In making the claims set forth, defense counsel has opened the door to questions regarding the inner workings of his/her department. Plaintiff demands to know exactly how many of these 'nearly identical' cases counsel is responsible for answering. If Counsel claims to be responsible for answering all fifty-eight, Counsel's complaint as to the workload is frivolous. Counsel stated that the cases are nearly identical. That being the case, Counsel could easily answer all such cases timely by the implementation identical answers; the boiler plate approach. Even if burdened with the fifty-eight cases, the due dates for responses vary enough to allow Counsel adequate time to respond timely through the use of the boiler plate approach. This, of course, would not represent an abundance of work on the part of opposing Counsel, and therefore his/her complaint as to the workload is shown to be frivolous and an attempt to misrepresent the facts to the Court.

Counsels duty is to keep his/her responses timely in the cases he/she is assigned to answer before the Court. Counsel has wasted the Courts' and the plaintiff's time by squandering his/her efforts on cases other than the ones to which he/she is assigned. If Counsel admits to only being responsible for one or two cases, counsel has clearly attempted to misrepresent the facts before the Court. Plaintiff does not understand Defense Counsels whining. Plaintiff requests the Court render a determination as to whether or not Counsel for the Defense is claiming incompetence.

## IMPROPER SERVICE

1. Defendant's motion insults the intelligence of the plaintiff(s) and the court.

2. Defendant sets forth as a motion to dismiss that defendant has been improperly served pursuant to Rule 4(c)(2) alleging that the complaint and summons were served by John Burton.

3. Defendant's attorney is trained and knows the rules and which rules apply to what.

4. Defendant's attorney knows that Rule 4(c)(2) applies to personal service only.

5. Defendant's attorney knows that Rule 4(i)(1)(b) applies to service on the United States as defendants' attorney points out in defendants' motion.

6. Defendant's attorney knows that Rule 4(i)(1)(b) is silent as to who may sign the return of service.

7. Defendant is in default and has interposed its motion for the sole purpose of delaying this litigation and for increasing the cost and expense of this litigation.

8. The record shows that defendant was properly served in accordance with Civ P. Rule 4(i)(1)(b).

9. The record shows that defendant has not timely answered the complaint.

10. Council's belated attempt to avoid subject matter and personal jurisdiction by misrepresenting that service was improper is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. Sanctions under Fed.R.Civ.P 11(b) should be imposed.

As to the fifty eight cases Plaintiff respectfully requests the Court render a determination as to whether Defense Counsel intentionally misrepresented his/her workload when tendering the excuse of being burdened with fifty-eight nearly identical

cases. Defense Counsel, being the proponent of the excuse, should be required by the Court to validate his/her claim by evidencing exactly how many of the nearly identical cases Defense Counsel has entered motions and, or answers into. Defense Counsels duties are to his/her Client and this Court to answer all matters pertinent to this case in a timely manner.

As to service plaintiff requests the court to clarify which rule of service applies or in the alternative plaintiff moves the court to strike/deny defendant's motion to dismiss and enter default in favor of the plaintiff forthwith.

Dated: 3-27, 2006

John Burton

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on defendant's attorney at his address of record.

Dated 3-27, 2006

John Burton