**RECEIVED**

MAY 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| John Burton, )<br>Paula Burton )<br>)<br>　　　　Plaintiff, )<br>v. )<br>)<br>UNITED STATES (Government), )<br>)<br>　　　　Defendant. ) | Case No:<br>1:05-cv-2121(RMU) |

LET THIS BE FILED

DATE: MAY 30 2006

*[signature]*
JUDGE RICARDO M. URBINA

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

Based upon "recent Supreme Court jurisprudence" *See*: <u>Turner v. United States</u>, __ F. Supp.2d __, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on <u>Arbaugh v. Y & H Corp.</u>, 126 S.Ct. 1235, 1242 (2006), (sic) Plaintiff(s) move(s) for leave to supplement the Response to Motion to Dismiss previously filed.

Counsel's motion remains a substantive and procedural nullity, frivolous on its face, interposed for the sole purpose of delaying this litigation and counsel is obstructing the perpetuation of testimony before this court.

Counsel's attempt to avoid subject matter and personal jurisdiction by misrepresenting that service was improper and that plaintiff(s) have not exhausted administrative remedies remains unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law.

## IMPROPER SERVICE - MISREPRESENTED

Plaintiff(s) assert that counsel confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...

While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff to effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail...".

Counsel presents no authority which prevents plaintiff(s) from certifying that plaintiff placed the summons and complaint in the mail as required by Fed.R.Civ.P. 4(i)(1)(A). Counsel also alleges that plaintiff(s) did not serve the Internal Revenue Service. This is a clear misrepresentation of this matter as the Internal Revenue Service is not named as a party to this matter and thus plaintiff is not required to serve the Internal Revenue Service.

Counsel then seeks to "sneak in" through his/her "Memo" several other bases for dismissal that are not relevant to his/her Motion to Dismiss re: Insufficiency of Service.

## ADMINISTRATIVE REMEDIES ISSUE NONJURISDICTIONAL

This Court has recently recognized that the issue of exhaustion of the administrative remedy is nonjurisdictional. <u>Turner v. United States</u>, _ F. Supp.2d _, _ 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on <u>Arbaugh v. Y & H Corp.</u>, 126 S.Ct. 1235, 1242 (2006), (MEMORANDUM OPINION, p.7). In so finding, the Turner Court stated, "[W]hen a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim;...disputes regarding predicate facts for the claim generally are tried to a jury."

Wherefore, plaintiff(s) request(s) that the Court strike/deny defendants' motion to dismiss.

Respectfully Submitted

Dated ___5-18___, 2006

_John Burton_
John Burton
220 Green Leaf Dr.
Eagle Point, OR 97524

_Paula Burton_
Paula Burton
220 Green Leaf Dr.
Eagle Point, OR 97524

## CERTIFICATE OF SERVICE

I certify that I have mailed an original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington D.C. 20001,

And one copy to:

Pat S Ginis, Trial Attorney, Tax Division, U.S. Dept of Justice, P.O. Box 227, Ben Franklin Station, Washington D.C. 20044

Dated 5-18, 2006

*/s/ John Burton*
John Burton