UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOHN BURTON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-2121 (RMU) |
| | : | | |
| v. | : | Document No.: | 5 |
| | : | | |
| UNITED STATES | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO DISMISS

**I.    INTRODUCTION**

The plaintiff, appearing *pro se*, alleges that the Internal Revenue Service violated various provisions of the Internal Revenue Code, entitling the plaintiff to a refund of all taxes that he paid, damages for those taxes wrongfully collected, and injunctive relief against future tax collection. Though the plaintiff maintains that he is acting individually in this matter, over 45 such complaints have been recently filed in the United States District Court for the District of Columbia. Def.'s Notice of Related Cases (Jan. 30, 2006). Each of these complaints are identical, save for the plaintiffs' names, addresses and a few other slight variations.

The defendant now moves to dismiss this complaint arguing that the plaintiff failed to properly serve the United States. Because the plaintiff failed to comply with the service requirements set forth under Federal Rule of Civil Procedure 4(c)(2), the court grants the defendant's motion to dismiss.

## II. DISCUSSION

### THE PLAINTIFF FAILED TO PROPERLY SERVE DEFENDANT UNITED STATES

The plaintiff brings this case against the United States under 26 U.S.C. § 7433, which provides a cause of action for taxpayers claiming that an "officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title." 26 U.S.C. § 7433. Under the Federal Rules of Civil Procedure, the United States must receive service from "any person who is not a party and who is at least 18 years of age." FED. R. CIV. P. 4(c)(2). The defendant moves to dismiss arguing that the plaintiff himself effected service, rather than utilizing a non-party, and that, therefore, the court lacks jurisdiction over this case.[1] Def.'s Mot. The court agrees.

Failure to properly serve the United States warrants dismissal. *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366 (D.C. Cir. 1997) (recognizing that dismissal is appropriate if the plaintiff fails to properly serve the defendant); *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). Here, the plaintiff himself signed the notice of service. Return of Service (Dec. 14, 2005). This certification of service indicates that the plaintiff served the summons on the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. FED. R. CIV. P. 4(i) (setting forth specific requirements for service on the United States, including service by registered or certified mail). Because Rule 4(c)(i) requires that service be effected by "any person who is not a party," and because the plaintiff himself has effected service, the plaintiff has failed to comply with the Federal Rule. 4B FED. PRAC. & PRO. § 1106 (noting that

---

[1] The *pro se* plaintiff filed an opposition to the defendant's motion to dismiss entitled "Response to Motion to Dismiss." Response (April 18, 2006).

service on the United States "should be accomplished by one of the persons authorized to make service by Rule 4(c)(2)"); *see also*, *Lindsey v. United States*, –F. Supp. 2d –, 2006 WL 2413720, (D.D.C. Aug. 22, 2006). In such an instance, the Federal Rules require that the court dismiss this case. FED. R. CIV. P. 4(m) (stating that "[f]ailure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint"). Accordingly, the court grants the defendant's motion to dismiss.

### III.  CONCLUSION

For the reasons stated herein, the court grants the defendant's motion to dismiss. An order consistent with this memorandum opinion is separately and contemporaneously issued this 24th day of August 2006.

RICARDO M. URBINA<br>
United States District Judge